UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
                                             :
SCOTT ZIEGLER,                               :
                                             :
                    Plaintiff,               :      11 Civ. 156 (TPG)
                                             :
         – against –                         :      **OPINION**
                                             :
TWENTY TWO DEGREE ENERGY CORP.,              :
ECHO POWER INTERNATIONAL, INC.,              :
JOSEPH FUDA, DAN AMADORI,                    :
RICHARD CALABRESE, MITCHELL                  :
MANOFF, and CORINTHIAN PARTNERS              :
LLC,                                         :
                                             :
                    Defendants.              :
---------------------------------------------x

In this case, plaintiff Scott Ziegler brings breach of contract claims against Twenty Two Degree Energy Corp. ("TTD"), Echo Power International, Inc. ("EPI"), and two individuals connected with those companies, Joseph Fuda and Dan Amadori. Also named as defendants are Corinthian Partners LLC and two persons connected with that company, Richard Calabrese and Mitchell Manoff. Defendant Amadori has not been served with process.

Ziegler initially filed this action in Supreme Court, New York County. TTD, EPI, and Fuda removed the action to federal court based on alleged diversity jurisdiction.

Ziegler moves to remand the action to the state court, and further moves to have the removing defendants pay expenses.

The motion to remand is granted.  The motion regarding the expenses is denied.

## DISCUSSION

Plaintiff Ziegler resides in New York.  Defendants TTD, EPI, and Fuda are located in Canada.  Defendants Corinthian, Calabrese, and Manoff are located in New York.  These circumstances would normally mean that there is not the complete diversity required for federal jurisdiction.  However, the removing defendants contend that plaintiff has no possible viable claim against the New York defendants and that they were joined to fraudulently defeat diversity jurisdiction.

To show that a named, non-diverse defendant was fraudulently joined to defeat diversity jurisdiction, a defendant must demonstrate, "by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998).  A defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.  Id.

An analysis of the issue at hand requires a review of certain litigation that occurred prior to the commencement of the case now before the court.

On August 21, 2009, Ziegler brought suit against TTD, EPI, Fuda, and Amadori (collectively, the "Canadian defendants"); and Corinthian, Calabrese, and Manoff (collectively, the "New York defendants") in Supreme Court, New York County. The complaint alleged that TTD was engaged in developing an area on Lake Huron to support a wind-powered energy generation plant, and that TTD's Chief Executive Officer was Fuda. The complaint further alleged that Fuda controlled EPI. Plaintiff Ziegler was a shareholder in TTD, owning approximately 14% of its shares.

In the complaint, Ziegler alleged various acts of wrongdoing by Fuda and TTD in connection with the management of TTD and its assets. The complaint also included allegations that Corinthian, Calabrese, and Manoff assisted in either the planned merger, or actual merger, of TTD with EPI, much to the detriment of TTD, and alleged that Corinthian, Calabrese, and Manoff received, or were scheduled to receive, a million warrants for the purchase of shares in the merged EPI entity, worth in excess of $2,000,000.

While this action was pending, an opportunity arose for TTD to enter into an asset purchase agreement with an entity known as AWA TTD Development LLC ("AWA"). The AWA agreement was apparently most desirable, and the parties to the lawsuit believed that the pendency of the lawsuit would be an impediment to the closing of the AWA agreement. They therefore decided to discontinue the 2009 action, and

entered into a contract entitled "Discontinuance and Forbearance Agreement" (the "Contract"), dated September 21, 2009.  The parties to the Contract were all the parties to the 2009 case, that is Ziegler, TTD, EPI, Fuda, Amadori, Corinthian, Calabrese, and Manoff.

Under the terms of the Contract, TTD agreed not to incur any new trade debt prior to closing the asset purchase agreement with AWA.  The Contract also obligated TTD not to incur any debt or other expenditures beyond CDN $175,000 after closing the asset purchase agreement without Ziegler's prior written approval.  Further, the Contract required TTD to distribute the proceeds of the sale of its assets to TTD's shareholders on a pro rata basis.

On September 23, 2010, Ziegler commenced a new action in Supreme Court, New York County naming as defendants TTD, EPI, Fuda, and Amadori, and also a Canadian accounting firm by the name of Collins Barrow Toronto LLP.  The complaint in that action did not name Corinthian, Calabrese, and Manoff as defendants.  The complaint contained numerous allegations of wrongdoing, which echoed the 2009 complaint.  Oddly enough, it contained essentially the same allegations that the 2009 complaint had made against Corinthian, Calabrese, and Manoff but did not refer to them by name and only referred to the "brokerage firm and its principals."  Moreover, as already stated, Corinthian, Calabrese, and Manoff were not named as defendants in the September 10, 2010 complaint.

On November 18, 2010, TTD, EPI, and Fuda removed this action to the federal court. On November 30, 2010, Ziegler voluntarily dismissed the action.

The action now before the court was commenced on December 8, 2010. This action is brought against TTD, EPI, and Fuda, and also against Corinthian, Calabrese, and Manoff. Thus, Ziegler is suing both the Canadian and New York defendants in the present action.

As described earlier, TTD, EPI, and Fuda have removed the action to federal court. They assert that the only claims worthy to be considered for purposes of jurisdiction are the claims against themselves, the Canadian defendants. They contend that there are no viable claims against the New York defendants which can be the basis of diversity jurisdiction.

Ziegler moves to remand and asserts that there are claims of substance against all defendants, including the New York defendants, and that therefore there is no diversity jurisdiction.

The complaint in the current action attaches the 2009 complaint as an exhibit. However, the allegations actually presented in the new complaint omit most of what was alleged in the 2009 action. The new complaint is basically a set of allegations to the effect that defendants breached the September 21, 2009 contract. A majority of the allegations are against "Defendants" without differentiating which particular defendant or group of defendants committed what specific alleged breach

or wrongdoing.  However, in connection with a claim that the proceeds of the AWA asset sale are being wrongfully diverted to EPI, there is the allegation that defendants Corinthian, Calabrese, and Manoff will improperly benefit from this enrichment of EPI.  This allegation must be considered in connection with previous allegations that these defendants wrongly assisted in the merging of TTD with EPI and received warrants for EPI shares.  And, of course, it is true that Corinthian, Calabrese, and Manoff were parties to the September 21, 2009 contract and signed that contract.  Therefore, it cannot be said that allegations of breach of that contract are unreasonable when made against all the defendants in the action, including the New York defendants.

When the claims in the current action are viewed in the context of the overall history of the litigation, it cannot be said that there is no possibility of a valid claim against the New York defendants.  Therefore, the case is one which is brought by a New York plaintiff asserting claims against both Canadian and New York defendants and there is no diversity jurisdiction.

The motion to remand to the state court is granted.

With regard to expenses, a federal court ordering a case to be remanded may require "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Assessment of costs and fees against the removing defendants is within the court's discretion and does not require a finding of bad faith

or frivolity.  MBIA Ins. Corp., 706 F.Supp.2d at 401.  The standard for evaluating whether to award expenses is whether the removing party had a reasonable basis on which to seek removal.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Although the removing defendants have failed to prevail on their fraudulent joinder claim, it was not unreasonable considering the circumstances of this case as described above.  The motion for expenses is denied.

## CONCLUSION

For the foregoing reasons, Ziegler's motion to remand is granted. The court directs the Clerk of Court to effect immediate remand to Supreme Court, New York County.

Ziegler's motion for expenses is denied.

This opinion resolves document number 10 on the docket.

Dated:  New York, New York
        September 13, 2011

_____
Thomas P. Griesa
U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/11
```